IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION                     MDL No. 2327

THIS DOCUMENT RELATES TO:

*Andreola v. Ethicon Inc., et al.*                     Civil Action: 2:12-cv-05719

MEMORANDUM OPINION AND ORDER
(*Motion to Dismiss*)

Pending before the court is the defendants' Motion to Dismiss for failure to timely effect service process. [ECF No. 8]. The plaintiff has responded and the defendants have replied, making this matter ripe for my review. For the reasons stated below, this motion is **DENIED**.

## I.    Background

On September 20, 2012, the plaintiff filed this case in the Ethicon Multidistrict Litigation ("MDL"), which is one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 76,000 cases currently pending, over 30,000 of which are in the Ethicon MDL, MDL 2327. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the

defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). However, in this MDL, the defendants agreed to waive formal service of process so long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." Pretrial Order No. 20, MDL 2327 [ECF No. 303]. Thus, the plaintiff is excused from formally serving process on the defendants, provided that she completes this simple procedure. Nevertheless, the plaintiff in this case acknowledges that she failed to effectuate service by either method within the time allotted under the then-effective Federal Rule of Civil Procedure 4(m). [1]

The plaintiff does, however, represent that she served the defendants with her completed Plaintiff Profile Form ("PPF"), signed authorizations, and other records on December 2, 2012. On December 6, 2012, the defendants sent a deficiency letter to plaintiff's counsel stating that the defendants may seek dismissal of the plaintiff's case if they did not receive the information necessary to correct the deficiencies in the PPF. [ECF 9-2]. These communications occurred within 120-days of the filing of the complaint—the time permitted under Rule 4(m) of the Federal Rules of Civil Procedure for the timely service of process. The plaintiff further asserts that the defendants obtained otherwise confidential records through requests to her healthcare providers. The plaintiff contends these actions amount to a waiver of the defendants' right to challenge service of process. For the reasons appearing below, the court agrees.

---

[1] On December 1, 2015, an amended version of Rule 4 took effect. Any reference to rule 4(m) is to the 1993 version in effect at the time the complaint was filed with this court.

## II.   Legal Standard

### a.  Requirement for Service

The defendants move to dismiss this case for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Rule 4(m), which governs the sufficiency of service of process, provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, the plaintiff filed her complaint with the court on September 20, 2012. Complaint [ECF No. 1]. The plaintiff was required to either serve the defendants pursuant to Rule 4(m) or comply with Pretrial Order No. 20 by January 18, 2013. The plaintiff admits she did not effectuate service within this timeframe, but argues the defendants waived their defense of failure to timely serve process.

### b.  Waiver

The Fourth Circuit has found that lack of service deprives the court of personal jurisdiction over the defendant, but that the defendant can waive the defense of lack of personal jurisdiction. Specifically, the court has held that if the defendant is on notice or inquiry notice of the defense of untimely service of process and does not raise the defense in either a pre-answer motion or, if no such motion is made, in its answer, then that defense is waived. *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991). The court further clarifies that a waiver of this defense constitutes submission to the personal jurisdiction of the court. *Id.* The Fourth Circuit has also determined that

"Rule 12(h) contemplates an implied waiver of personal jurisdiction by defendants who appear before a court to deny the allegations of a complaint, but fail to make personal jurisdiction objections at the time of their appearance." *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002) (citing *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 46 (4th Cir. 1968)). In sum, the defense of defective service is waived when the defendant makes an appearance before the court to deny an allegation of the complaint or files a responsive pleading without objecting to the failure to timely serve.

Other courts have taken a broader approach, holding that when the conduct of a defendant leads a plaintiff to believe that service is adequate, the defense of untimely service is waived. *See Blachy v. Butcher*, 221 F.3d 896, 910-11 (6th Cir. 2000); *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732-733 (7th Cir. 1991); and *Rockwell Med., Inc. v. Yocum*, Civ. Act. No. 13-10480, 2013 WL 4760971, at *4 (E.D. Michigan 2013). The Fifth Circuit adopted the rule that the defendants do not necessarily need to file an answer to waive personal jurisdiction, rather, taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement for personal jurisdiction. *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (quoting *Cactus Pipe & Supply v. M/V MONTMARTRE*, 756 F.2d 1103, 1108 (5th Cir.1985)). More specifically, the Second Circuit found that the defendant waived the defense of defect service of process by attending a conference with a magistrate and scheduling

discovery and motion practice without mentioning the defect of service, which could have been cured within the limitations period had the defendant complained. *Datskow v. Teledyn, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990). Thus, many circuits agree that defendants can waive objections to personal jurisdiction by indicating a willingness to defend the suit or taking other action that would lead the plaintiff to believe service was adequate.

### III.   Analysis

In the instant matter, the defendants had not previously filed any motions or appeared before the court, but their interaction with the plaintiff clearly led her to believe that service of process was adequate. After acknowledging receipt of the PPF and demanding additional information, the defendants continued to gather sensitive information about the plaintiff using release forms she provided in anticipation of litigation. The defendants' request for additional information, accompanied with a threat to pursue remedy in court if the plaintiff did not comply, was an acknowledgment of the court's jurisdiction over this case. Given the contact between the parties and sensitive nature of the medical documents the defendants collected, the only reasonable conclusion is that the defendants manifested their intention to defend the suit and have waived the defense of untimely service of process.

The defendants' assertion that the court does not have personal jurisdiction over them is inconsistent with their behavior thus far. The defendants indicated a clear willingness to oppose the complaint. It would indeed be an absurd result, placing the defendants and their counsel in a deep ethical hole, if this court allowed the

defendants to request the plaintiff provide sensitive medical information, encourage the plaintiff to expend time and resources pursuing litigation, only for the defendants to assert, years later, that this court lacks jurisdiction. When the defendants indicate such a clear willingness to engage in litigation, they have waived any defense for failure to timely serve.

### IV.  Conclusion

For the reasons stated above, it is **ORDERED** that the defendants' Motion to Dismiss [ECF No. 8] is **DENIED**. It is further **ORDERED** that the plaintiffs are granted an extension to perfect service of process within 30 days of the entry of this order. The court **DIRECTS** the clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  April 27, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE